1  PAUL CALEO (SBN 153925)
   pcaleo@grsm.com
2  EMILY GENGE (SBN 318706)
   egenge@grsm.com
3  **GORDON REES SCULLY MANSUKHANI, LLP**
   1111 Broadway, Suite 1700
4  Oakland, CA 94607
   Telephone: (510) 463-8600
5  Facsimile: (510) 984-1721

6  *Attorneys for Defendant*
   STARBUCKS CORPORATION
7

8                    **UNITED STATES DISTRICT COURT**

9           **IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA**
10

11 | JAMEE LEMOINE,                          | Case No.:
12 |                          Plaintiff,
13 |        v.                                | **DECLARATION OF EMILY GENGE IN SUPPORT OF DEFENDANT STARBUCKS CORPORATION NOTICE OF REMOVAL**
14 | STARBUCKS CORPORATION, and DOES
   | 1 through 50, inclusive.
15 |                          Defendants.     | Complaint Filed:   May 22, 2023
16 |                                          | Trial Date:        Not Assigned

17        I, Emily Genge, declare as follows:

18        1.      I am an attorney licensed to practice in the State of California and Senior Counsel

19 of the law firm of Gordon Rees Scully Mansukhani, LLP. I am counsel for Defendant

20 STARBUCKS CORPORATION ("Starbucks"). The following is based on my personal

21 knowledge and if called as a witness, I could and would testify competently thereto.

22        2.      Attached as Exhibit 1 is a true and correct copy of Plaintiff's complaint filed on

23 May 22, 2023 in the Superior Court of the State of California for the County of Contra Costa.

24        3.      Defendant was served with the complaint on June 15, 2023.

25        4.      Starbucks is a corporation organized under the laws of the State of Washington.

26 Attached as Exhibit 2 is a true and correct copy of the California Secretary of State Statement of

27 Information that indicates Starbuck's corporate status and principal executive office in Seattle,

28 Washington.

-1-
DECLARATION OF EMILY GENGE IN SUPPORT OF DEFENDANT STARBUCKS
CORPORATION NOTICE OF REMOVAL

5.      Starbucks corporate office is located in Seattle, Washington at 2401 Utah Ave S. 8th Street, 98134.

6.      Starbucks Corporation is the only necessary and/or indispensable defendant named in Plaintiff's complaint. Plaintiff alleges "DOES 1-3 are employees of the subject Starbucks and PLAINTIFF is informed and believes and thereon alleges they are residents of California and within subject jurisdiction." Any and all Starbucks partners (employees) on duty were acting in the course and scope of their employment. Any and all allegations referring to DOE defendants are not again them personally for any conduct or omission(s) that fall outside of their employment.

7.      Plaintiff's interests and claims alleged in the Complaint are addressed and covered by naming Defendant Starbucks Corporation. Accordingly, no indispensable defendant is a citizen of California, which state this action was filed and there is complete discovery of citizenship between the parties.

8.      The facially apparent allegations demonstrate the amount in controversy in this action exceeds the minimum amount of $75,000. Not only has Plaintiff alleged severe burn injuries requiring emergent treatment, pursuant to the prayer in the complaint, Plaintiff also seeks to recover pain and suffering damages for her future medical treatment and the past and future pain and suffering for her alleged injuries, which would include physical impairment and disfigurement from her burn wounds. The attorneys fees and punitive damages further demonstrate the amount in controversy has been met.

9.      Venue is proper in this Court because it is the District Court of the United States for the district within which Superior Court of the State of California for the County of Contra Costa Lemoine v. Starbucks Corporation case no. C23-01221 is pending.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on July 11, 2023 at San Francisco, California.



Emily Genge

Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700
Oakland, CA 94607

-2-

# EXHIBIT 1

Electronically Filed Superior Court of CA County of Contra Costa 5/22/2023 3:31 PM By: T. Jacobsen-Rios, Deputy

Christopher B. Dolan (SBN 165358)
Aimee E. Kirby (SBN 216909)
Cristina Garcia (SBN 308161)
Nancy Avila Villatoro (SBN 340891)
**DOLAN LAW FIRM, PC**
1438 Market Street
San Francisco, California 94102
Telephone: (415) 421-2800
Facsimile: (415) 421-2830
Email: aimee.kirby@dolanlawfirm.com
cristina.garcia@dolanlawfirm.com
nancy.villatoro@dolanlawfirm.com

Attorneys for Plaintiff,
JAMEE LEMOINE

Per local Rule, This case is assigned to Judge Treat, Charles S, for all purposes.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF CONTRA COSTA**

**UNLIMITED CIVIL JURISDICTION**

SUMMONS ISSUED

| | |
|---|---|
| JAMEE LEMOINE,<br><br>Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION, and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No.: C23-01221<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **NEGLIGENCE**<br>2. **NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION**<br>3. **STRICT PRODUCT LIABILITY**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES**

COMES NOW PLAINTIFF, JAMEE LEMOINE by and through her attorneys, at The Dolan Law Firm, P.C., who submit this Complaint for personal injuries and damages, and Demand for Jury Trial against each of the Defendants named herein.

-1-



**JURISDICTION AND VENUE**

1.      Venue is proper in the County of Contra Costa in accordance with Sections 395 and 395.5 of the California Code of Civil Procedure because the injuries alleged herein occurred in the County of Contra Costa, California, and because Defendant STARBUCKS has a systematic and continuous business presence in the County of Contra Costa, California. Further, DOES 1-3 are employees of subject Starbucks, and PLAINTIFF is informed and believes said DOE employees reside within the jurisdiction. The subject matter of this Complaint is properly heard by this Court, as the amount in controversy as set forth in this Complaint exceeds the statutory minimum.

2.      This Court has personal jurisdiction over Defendants, consistent with California and U.S. Constitution. Defendants purposefully availed themselves of the privileges of conducting activities and business within the State of California and this litigation results from injuries that arise out of or relate to those activities.

**PARTIES**

3.      At all times relevant, JAMEE LEMOINE ("PLAINTIFF" or "LEMOINE") is an adult natural person who was at all times mentioned herein a resident of the County of Alameda, in the State of California.

4.      Defendant STARBUCKS CORPORATION ("STARBUCKS") is and was at all relevant times mentioned herein, a Washington corporation with its corporate headquarters located in the City of Seattle, State of California.

5.      DOES 1-3 are employees of the subject Starbucks and PLAINTIFF is informed and believes and thereon alleges they are residents of California and within the subject jurisdiction.

6.      Defendant STARBUCKS has a systematic and continuous business presence in the County of Contra Costa, State of California, including the store located at 2435 San Ramon Valley Blvd, San Ramon, CA 94583.

7.      The true names or capacities, whether individual, agent, employee, employer, corporate, partner, associate, or otherwise of the Defendants designated herein as DOES 1-50, inclusive, and each of them, are unknown to PLAINTIFF, who therefore sues said Defendants by such fictitious names pursuant to *California Code of Civil Procedure* section 474. PLAINTIFF will

**COMPLAINT FOR DAMAGES**



seek leave to amend this Complaint at such time as the true names and/or capacities of DOES 1-50 are ascertained. PLAINTIFF is informed and believes, and thereon alleges, that each of the Defendants designated herein as a DOE was negligent or otherwise responsible in some manner for the events and happenings herein referred to and negligently caused the injuries and damages to PLAINTIFF as herein alleged.

8.      PLAINTIFF is informed and believes and thereon alleges that at all times mentioned in this Complaint, each of the Defendants was the agent and/or employee and/or partner of each of the remaining Defendants and, in doing the things herein alleged, was acting within the course and scope of such agency and/or employment, and/or aided and/or abetted the others and/or ratified the acts of the others so as to make them liable for the PLAINTIFF's damages.

9.      PLAINTIFF is informed and believes and thereon alleges that at all times mentioned in this Complaint, there existed, a unity of interests between certain of the Defendants such that any individuality and separateness between these certain Defendants has ceased, and those certain Defendants are the alter ego of the other certain Defendants and exerted control over each other. Adherence to the fiction of the separate existence of these certain Defendants as an entity distinct from other certain Defendants will permit an abuse of the corporate privilege and would sanction fraud and/or promote injustice. As a result, each Defendant, including DOES 1-50, is jointly and severally liable to PLAINTIFF for damages alleged herein. PLAINTIFF will seek leave of the Court to amend the Complaint to show the true names and capacities of DOES 1-50 after the same have been ascertained. Each reference in the Complaint to Defendant, Defendants, or to a specifically named Defendant shall refer to all Defendants, including DOES 1-50 unless the context indicates otherwise.

## GENERAL FACTUAL ALLEGATIONS

10.     On or about January 6, 2023, at approximately 5:00 p.m., PLAINTIFF visited the Starbucks store located at 2435 San Ramon Valley Blvd, San Ramon, CA 94583 ("San Ramon Valley Location").

11.     PLAINTIFF ordered a hot beverage from Starbucks at the San Ramon Valley Location. This hot beverage, PLAINTIFF is informed and believes, and there on alleges was 200



1  degrees.

2       12.    PLAINTIFF was provided, by a STARBUCKS employee, DOE 1, the hot beverage.

3       13.    PLAINTIFF is informed and believes, and thereon alleges that DOES 1-3 prepared the

4  hot beverage.

5       14.    The STARBUCKS employee failed to properly secure the lid on the cup so that when

6  PLAINTIFF grabbed the cup, attempted to transport it, and take a sip from the cup, the scalding hot

7  beverage burned PLAINTIFF's lip and spilled onto PLAINTIFF's left breast, arm and wrist.

8       15.    The hot beverage container was given to PLAINTIFF by a STARBUCKS employee,

9  DOE 1-3, with the beverage lid improperly affixed and containing extremely hot contents.

10       16.    The hot beverage was heated to an unreasonable and unsafe temperature, making the

11  handling of the unsecured beverage containing such an extremely hot beverage in the manner herein

12  alleged to be highly dangerous to STARBUCKS' customers, including PLAINTIFF.

13       17.    STARBUCKS knows or should know of the practice of its employees of heating

14  drinks to 200 degrees.

15       18.    STARBUCKS knows or should know that employees at the San Ramon Valley

16  Location hand over unsecured, unreasonably and unsafe temperature beverages to customers, even

17  though such conduct exposes customers to an unreasonable risk of exposure to the beverage falling

18  or spilling and injuring customers. STARBUCKS countenances, approves, and/or ratifies such

19  conduct.

20       19.    At all relevant times herein, the actions PLAINTIFF alleges were taken by

21  STARBUCKS, DOES 1-3, and/or DOES 4-50, were within the course and scope of their employment

22  with STARBUCKS.

23       20.    As a result of the hot beverage spilling on PLAINTIFF, and as a direct and proximate

24  result of STARBUCKS' negligent and wrongful conduct, PLAINTIFF was burned and severely

25  injured.

26       21.    PLAINTIFF was not warned that the hot beverage provided was at a dangerously hot

27  temperature that could cause severe burns to the skin.

28       22.    PLAINTIFF was not warned that the lid was or may become dislodged and could fall



1   and/or spill because it was not adequately secured.

2       23.     PLAINTIFF was not warned that the hot beverage did not have its lid properly attached

3   and/or that the lid was prone to falling off.

4       24.     As PLAINTIFF attempted to drink the hot beverage the top of the lid came off and the

5   scalding hot liquid burned her lips, and spilled all over PLAINTIFF's arm, wrist and breast, causing

6   severe burns requiring emergent hospital treatment.

7       25.     PLAINTIFF is informed and believes, and thereon alleges, that the hot beverage

8   PLAINTIFF was served at a dangerously hot temperature, was well in excess of the temperature

9   deemed safe by industry standards.

10      26.     PLAINTIFF is informed and believes, and thereon alleges, that STARBUCKS knew

11  or should have known that the hot beverage sold in their stores, and specifically at the San Ramon

12  Valley Location, was served at a dangerously hot temperature, and could cause serious burns if

13  spilled.

14      27.     Defendants, and each of them, owed a duty to PLAINTIFF to serve PLAINTIFF a hot

15  beverage at a safe temperature, complying with industry standards about the temperature at which hot

16  beverages may be served.

17      28.     Defendants, and each of them, also owed PLAINTIFF a duty to properly affix the lid

18  on PLAINTIFF's hot beverage to prevent it from spilling and burning PLAINTIFF.

19      29.     Defendants negligently hired, retained, trained, and supervised employees and agents

20  in such a way that employees handed off a cup of scalding hot beverage with an improperly affixed

21  lid.

22      30.     PLAINTIFF is informed and believes that Defendants, and each of them, breached the

23  duty of care owed to PLAINTIFF when they served PLAINTIFF, a dangerously hot beverage with

24  an improperly affixed lid, proximately causing PLAINTIFF's severe burn injuries.

25                          **<u>FIRST CAUSE OF ACTION</u>**

26                                  **NEGLIGENCE**

27              **(As Against All Defendants and DOES 1-50)**

28



**COMPLAINT FOR DAMAGES**

31.     PLAINTIFF incorporates by reference all of the allegations in paragraphs 1 through 30, as though fully set forth herein.

32.     DOES 1-3 and/or DOES 4-50, while employed and acting in the course and scope of their employment with STARBUCKS, or otherwise acting on STARBUCKS's behalf, carelessly, recklessly, negligently and/or unlawfully provided PLAINTIFF with an excessively and dangerously hot beverage. STARBUCKS provided this dangerously hot beverage to PLAINTIFF with an improperly affixed lid.

33.     STARBUCKS, DOES 1-3 and/or DOES 4-50, owed PLAINTIFF a duty to use reasonable care to prevent customers such as PLAINTIFF from being burned or otherwise harmed. Defendants, and each of them, owed PLAINTIFF a duty to provide PLAINTIFF with the hot beverage she ordered in a safe manner, which was not likely to cause serious burns when she handled the hot beverage in a manner that was reasonably foreseeable to STARBUCKS and its employees.

34.     More specifically, Defendants, and each of them, owed a duty to PLAINTIFF to serve her a hot beverage at a safe temperature, complying with industry standards about the temperature at which hot beverages may be served.

35.     As a further direct and proximate result of said tortious acts, omissions, or conduct of the Defendants, and each of them, PLAINTIFF sustained general and special damages, to be determined according to proof at the time of trial.

36.     At all times relevant, STARBUCKS, DOES 1-3, and/or DOES 4-50, knew or should have known of the extreme risk to customers for burns resulting from STARBUCKS' policies, procedures, and practices for service of hot beverages. Further, STARBUCKS and other Defendants know or should have known that others have been burned and severely injured as a result of STARBUCKS' practices of serving hot beverages, including STARBUCKS' practice and policy of serving dangerously hot beverages to customers. STARBUCKS, however, has refused to alter its policies so as to reduce the unreasonable risk of injury to customers and others, such as PLAINTIFF. The motive for STARBUCKS' and/or DOES 1-50's unsafe practices and refusal to alter those unsafe practices despite injuries to others is profit.



**COMPLAINT FOR DAMAGES**

37.     The names and identities of those managing agents, officers, directors, or responsible individuals that have failed and refused to reduce the temperature of hot beverages, including hot water, that have recklessly ignored the risks to customers, that have recklessly ignored reports of past injuries, that had prior knowledge of the risk of severe injuries to customers as a result of STARBUCKS' practices, and that have ratified the reckless and outrageous conduct of STARBUCKS employees are known to STARBUCKS and lie more fully within the knowledge of STARBUCKS. Such managing agents, officers, directors, and/or other responsible individuals were in a position to change STARBUCKS' policies to make them reasonably safe, but each of them failed and/or refused to make such changes and continued to adopt and ratify the unsafe practices of STARBUCKS' employees on behalf of STARBUCKS.

38.     Through their aforementioned acts and/or failures to act, Defendants, and each of them, were and are guilty of oppression, fraud, malice, and/or conscious disregard of the rights or safety of others, including PLAINTIFF. Defendants' wanton and despicable conduct subjected PLAINTIFF to cruel and unjust hardship in conscious disregard of her rights. The conduct and acts, or failures to act, of Defendants, and each of them, was intended by Defendants to cause injury to PLAINTIFF and/or showed a willful and conscious disregard of the rights or safety of others, specifically PLAINTIFF.

39.     The aforementioned conduct, acts or failures to act justify the awarding of exemplary and punitive damages to PLAINTIFF in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION

#### (As Against All Defendants and DOES 1-50)

40.     PLAINTIFF incorporates by reference all of the allegations in paragraphs 1 through 39, as though fully set forth herein.

41.     Defendants, and each of them, had a duty of reasonable care in hiring, training supervising, and retaining their employees and agents at the STARBUCKS store located at 2435 San Ramon Valley Blvd, San Ramon, CA 94583.



**COMPLAINT FOR DAMAGES**

42.     PLAINTIFF is informed and believes, and thereon alleges, that Defendants, and each of them, were careless, negligent, and/or reckless in their hiring and retention practices, which fell below the standard of care and allowed for the hiring and retention of employees or agents who were unfit and/or incompetent to perform the work for which they were hired and retained.

43.     PLAINTIFF is informed and believes, and thereon alleges, the unfitness and incompetence of the STARBUCKS employees(s) or agent(s), DOES 1-3, and/or DOES 4-50, who were responsible for the preparation and delivery of PLAINTIFF's order created a particular risk of harm to PLAINTIFF and others.

44.     PLAINTIFF is informed and believes, and thereon alleges, Defendants, and each of them, were negligent, reckless, and/or careless in the training and supervision of the STARBUCKS employee(s) or agent(s) who were responsible for the preparation and delivery of PLAINTIFF's order because they failed to institute appropriate training and/or supervision policies, and these failures allowed the STARBUCKS employee(s) or agent(s), DOES 1-3, and/or DOES 4-50, who were responsible for the preparation and delivery of PLAINTIFF's order to prepare a drink that was dangerously hot, with an improperly affixed lid, constituting a dangerous condition wherein it was reasonably foreseeable that people, including PLAINTIFF, could be burned. Defendants' employee(s) and/or agent(s), DOES 1-3, and/or DOES 4-50, would not have committed any of these negligent, careless, or reckless acts, let alone all of these negligent, careless, or reckless acts if they had been properly trained and supervised with reasonable care.

45.     Defendants, and each of them, were negligent in the hiring, retention, supervising, and/or training of the STARBUCKS employee(s) or agent(s), DOES 1-3, and/or DOES 4-50,  who were responsible for the preparation and delivery of PLAINTIFF's order because Defendants, and each of them, failed to institute appropriate policies and procedures which resulted in a reasonably foreseeable dangerous condition where employees and/or agents were permitted to prepare a drink that was dangerously hot with an improperly affixed lid.

46.     Thus, Defendants' negligence, carelessness, and/or recklessness in hiring, retaining, supervising, and/or training the STARBUCKS employee(s) or agent(s) who were responsible for the

**COMPLAINT FOR DAMAGES**



preparation and delivery of PLAINTIFF's order was a substantial factor in causing PLAINTIFF's harm.

47.     As a factual and legal result of Defendants' negligence and carelessness, PLAINTIFF sustained and incurred, and is certain in the future to sustain significant special and general damages in an amount to be proven at the time of trial.

### THIRD CAUSE OF ACTION

### STRICT PRODUCTS LIABILITY

### (As Against STARBUCKS and DOES 1-50)

48.     PLAINTIFF incorporates by reference all of the allegations in paragraphs 1 through 47, as though fully set forth herein.

49.     At all relevant times mentioned herein, STARBUCKS, and DOES 1-50, and each of them, negligently, carelessly, and/or recklessly designed, manufactured, constructed, distributed and/or sold hot beverages in a cup and lid to customers in California.

50.     PLAINTIFF is informed and believes, and based upon that belief alleges that STARBUCKS and DOES 1-50, and each of them, knew or through the exercise of reasonable diligence should have known, that the hot beverage cup and lid was defective and prone to open and spill its hot liquid contents on unsuspecting STARBUCKS' customers. Furthermore, STARBUCKS, and/or DOES 1-50, and each of them, failed to warn PLAINTIFF of said defects.

51.     PLAINTIFF is informed and believes, and based upon that belief alleges that the defective cup and lid reached PLAINTIFF without substantial change in the condition in which the product was designed, manufactured, distributed, and/or sold by STARBUCKS, and/or DOES 1-50.

52.     PLAINTIFF is informed and believes, and based upon that belief alleges that STARBUCKS, and/or DOES 1-50, and each of them, owed a duty of care to PLAINTIFF to design manufacture, distribute and sell products that were free from potentially harmful defects and fit for their intended purposes.

53.     PLAINTIFF is informed and believes, and based upon that belief alleges that STARBUCKS, and/or DOES 1-50, and each of them, breached this duty to PLAINTIFF by failing to sell hot beverage cups and lids that were free from defects that could harm the consuming public.



**COMPLAINT FOR DAMAGES**

54.     On or about January 6, 2023, at the time and place described above, PLAINTIFF used the cup and lid in a manner that was intended to be used or foreseeable to be used.

55.     As a proximate and legal cause of the defects referenced above, the failure to use reasonable care to warn or give adequate instructions and/or warning of the defective and dangerous condition of the cup and lid when used in an intended manner, PLAINTIFF sustained extensive special and general damages all in an amount to be proven at the time of trial.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against Defendants, and each of them, as follows:

1.  For an award of past and future special (economic) damages;

2.  For an award of past and future general (non-economic) damages;

3.  For reasonable attorneys' fees and costs under *Civil Code* § 52(b)(3);

4.  For an award of punitive and exemplary damages against Defendants, and each of them, as allowed by law;

5.  For prejudgment interest, according to proof;

6.  For costs of suit as allowed by law;

7.  For such other and further relief at the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a jury trial for all claims which a jury is permitted.


Dated: May 22, 2023                                      **DOLAN LAW FIRM, PC**

                                       By: _____
                                              Christopher B. Dolan, Esq.
                                              Aimee E. Kirby, Esq.
                                              Cristina Garcia, Esq.
                                              Nancy Avila Villatoro, Esq.
                                              Attorneys for Plaintiffs



**COMPLAINT FOR DAMAGES**

# EXHIBIT 2

# BUSINESS INFORMATION

Business Name:
**STARBUCKS CORPORATION**

UBI Number:
**600 611 109**

Business Type:
**WA PROFIT CORPORATION**

Business Status:
**ACTIVE**

Principal Office Street Address:
**2401 UTAH AVE S, MS: S-LA1, SUITE 800, SEATTLE, WA, 98134-1435, UNITED STATES**

Principal Office Mailing Address:
**2401 UTAH AVE S, MS: S-LA1, SUITE 800, SEATTLE, WA, 98134-1435, UNITED STATES**

Expiration Date:
**11/30/2023**

Jurisdiction:
**UNITED STATES, WASHINGTON**

Formation/ Registration Date:
**11/04/1985**

Period of Duration:
**PERPETUAL**

Inactive Date:

Nature of Business:
**FOOD & BEVERAGES**

# REGISTERED AGENT INFORMATION

Registered Agent Name:
**CORPORATION SERVICE COMPANY**

Street Address:
**300 DESCHUTES WAY SW STE 208 MC-CSC1, TUMWATER, WA, 98501, UNITED STATES**

Mailing Address:
**300 DESCHUTES WAY SW STE 208 MC-CSC1, TUMWATER, WA, 98501, UNITED STATES**

# GOVERNORS

| Title | Governors Type | Entity Name | First Name | Last Name |
|-------|----------------|-------------|------------|-----------|
| GOVERNOR | INDIVIDUAL | | ANDREW | CAMPION |
| GOVERNOR | INDIVIDUAL | | CLARA | SHIH |
| GOVERNOR | INDIVIDUAL | | ISABEL | GE MAHE |
| GOVERNOR | INDIVIDUAL | | JENNIFER | KRAFT |
| GOVERNOR | INDIVIDUAL | | JOANIE | KIM |
| GOVERNOR | INDIVIDUAL | | JORGEN | VIG KNUDSTORP |

| Title | Governors Type | Entity Name | First Name | Last Name |
|---|---|---|---|---|
| GOVERNOR | INDIVIDUAL | | JOSHUA | COOPER RAMO |
| GOVERNOR | INDIVIDUAL | | JULIE | WIETING |
| GOVERNOR | INDIVIDUAL | | MELLODY | HOBSON |
| GOVERNOR | INDIVIDUAL | | PETR (PETER) | FILIPOVIC |
| GOVERNOR | INDIVIDUAL | | RICHARD | ALLISON JR. |
| GOVERNOR | INDIVIDUAL | | SATYA | NADELLA |
| GOVERNOR | INDIVIDUAL | | HOWARD | SCHULTZ |
| GOVERNOR | INDIVIDUAL | | JOSH | GAUL |

**PROOF OF SERVICE**
*Lemoine, Jamee v. Starbucks Corp.*
Contra Costa Superior Court, Case No. C23-01221

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is: Gordon Rees Scully Mansukhani, LLP 275 Battery Street, Suite 2000 San Francisco, CA 94111. On the date set forth below, I served the within documents:

**DECLARATION OF EMILY GENGE IN SUPPORT OF DEFENDANT STARBUCKS CORPORATION NOTICE OF REMOVAL**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ **VIA E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent by electronically mailing a true and correct copy through the Gordon Rees Scully Mansukhani, LLP electronic mail system from my email address: khernandez@grsm.com, to the email address(s) set forth herein.

☐ by having Nationwide PERSONALLY DELIVER the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FEDEX as part of the ordinary business practices of Gordon Rees Scully Mansukhani, LLP described below, addressed as follows:

| | |
|---|---|
| Christopher B. Dolan<br>Aimee E. Kirby<br>CristinaGarcia<br>Nancy Avila Villatoro<br>**DOLAN LAW FIRM, PC**<br>1438 Market Street<br>San Francisco, CA 94102<br>Tel:    (415) 421-2800<br>Fax:    (415) 421-2830<br>Email: aimee.kirby@dolanlawfirm.com<br>        cristina.garcia@dolanlawfirm.com<br>        nancy.villatoro@dolanlawfirm.com<br>        kellie.brimberry@dolanlawfirm.com<br>        omar.dardon@dolanlawfirm.com<br>        cynthia.alonzo-conkey@dolanlawfirm.com | Attorneys for Plaintiff<br>JAMEE LEMOINE |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 13, 2023 at San Francisco, California.

_____
Kristie Hernandez

-3-
DECLARATION OF EMILY GENGE IN SUPPORT OF DEFENDANT STARBUCKS CORPORATION NOTICE OF REMOVAL

Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700
Oakland, CA 94607