Christopher B. Dolan (SBN 165358)
Aimee E. Kirby (SBN 216909)
Email: aimee.kirby@dolanlawfirm.com
Cristina Garcia (SBN 308161)
Email: cristina.garcia@dolanlawfirm.com
**DOLAN LAW FIRM, PC**
1438 Market Street
San Francisco, California 94102
Telephone: (415) 421-2800
Facsimile: (415) 421-2830

Attorneys for Plaintiff,
JAMEE LEMOINE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMEE LEMOINE,<br><br>Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION, and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No.: 3:23-cv-03504-SK<br><br>ASSIGNED FOR ALL PURPOSES TO<br>Judge: Hon. Sallie Kim<br>Courtroom: C – 15th Floor<br><br>**PLAINTIFF'S REPLY TO DEFENDANT STARBUCKS CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**<br><br>Date: December 18, 2023<br>Time: 9:30 a.m. |

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff JAMEE LEMOINE hereby REPLIES to Defendant STARBUCKS CORPORATION's Opposition to Plaintiff's Motion to Amend Complaint.

/ / /

/ / /



## I. INTRODUCTION

Defendant wrongfully conflates Plaintiff's Motion for Leave to Amend Complaint and Plaintiff's Motion to Remand to State Court in its Opposition to Plaintiff's Motion for Leave to Amend Complaint. The issue before this Court is simple – Plaintiff seeks relief from this Court to amend her Complaint to add Starbucks employees Emily Fu, Jillian Kuehnel, Nicole Thompson, Carey Tait, and Kim Bellomo as Defendants ("Starbucks employees"). Plaintiff was first made aware of the names of the aforementioned employees on or about October 9, 2023, at the time the parties exchanged Initial Disclosures. Accordingly, pursuant to both Federal Rule of Civil Procedure, Rule 15(a)(2), 28 U.S.C. 1447(e), and the case law elaborated upon in Plaintiff's Motion for Leave to Amend Complaint, this Court has been empowered with the ability to grant Plaintiff's request and leave to amend a pleading must be "given freely when justice so requires." For the reasons stated below, equity strongly favors granting Plaintiff's Motion for Leave to Amend Complaint.

## II. ARGUMENT

Defendant's entire Opposition is centered around the factors enumerated in *IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.* 126 F.Supp.2d 1008 (9th Cir. 2000), which this Court, through a balancing of the factors, may use in determining whether Plaintiff can join defendants to this suit that would destroy diversity. On balancing, these factors strongly favor granting the motion at issue here.

### A. Plaintiff Asserts a Valid Cause of Action Against Starbucks Employees for Negligence and Negligent Hiring, Retention, Training, and Supervision. Therefore, Should Be Allowed to Amend her Complaint.

Plaintiff's proposed First Amended Complaint includes proper claims against the Starbucks employees for negligence and negligent hiring, retention, training, and supervision. Liability for negligent hiring, supervision, and retention of an employee "is one of direct liability for negligence, not vicarious liability." *Delfino v. Agilent Technologies,* Inc. (2006) 145 Cal.App.4th 790, 815. Under well-established California law, "[a]n employer may be liable to a third person for the employer's negligence in hiring or retaining an employee who is incompetent or unfit." *Phillips v. TLC Plumbing, Inc.* (2009) 172 Cal.App.4th 1133, 1139. Liability is found where an employer "knew or should have



known that hiring the employee created a particular risk or hazard and that particular harm materializes." *Phillips, supra,* 172 Cal.App.4th 1139. Such principles are consistent with the agency rules governing the liability for agents of a corporate principal. **"[T]he true rule is, of course, that the agent is liable for his own acts, regardless of whether the principal is liable or amenable to judicial action."** (emphasis added.) *Frances T. v. Village Green Owners Assn.* (1986) 42 Cal.3d 490, 505. In its reasoning regarding director liability, the Supreme Court in *Frances T.* stated that **"like any other employee, directors individually owe a duty of care, independent of the corporate entity's own duty, to refrain from acting in a manner that creates an unreasonable risk of personal injury to third parties."** (emphasis added.) *Id.*

Plaintiff properly pled negligence and negligent hiring, retention, training, and supervision, against the Starbucks employees in her proposed First Amended Complaint by alleging the following:

> "32. Defendants Emily Fu, Jillian Kuehnel, Nicole Thompson, Carey Tait, and/or Kim Bellomo while employed and acting in the course and scope of their employment with STARBUCKS, or otherwise acting on STARBUCKS's behalf, carelessly, recklessly, negligently and/or unlawfully provided PLAINTIFF with an excessively and dangerously hot beverage. STARBUCKS provided this dangerously hot beverage to PLAINTIFF with an improperly affixed lid."

> "44. PLAINTIFF is informed and believes, and thereon alleges, Defendants, and each of them, were negligent, reckless, and/or careless in the training and supervision of the STARBUCKS employee(s) or agent(s) who were responsible for the preparation and delivery of PLAINTIFF's order because they failed to institute appropriate training and/or supervision policies, and these failures allowed the STARBUCKS employee(s) or agent(s) including, Emily Fu, Jillian Kuehnel, Nicole Thompson, Carey Tait, Kim Bellomo who were responsible for the preparation and delivery of PLAINTIFF's order to prepare a drink that was dangerously hot, with an improperly affixed lid, constituting a dangerous condition wherein it was reasonably foreseeable that people, including PLAINTIFF, could be burned. Defendants' employee(s) and/or agent(s) including, Emily Fu, Jillian Kuehnel, Nicole Thompson, Carey Tait, Kim Bellomo would not have committed any of these negligent, careless, or reckless acts, let alone all of these negligent, careless, or reckless acts if they had been properly trained and supervised with reasonable care."

Therefore, Plaintiff has proper claims against the individual Starbucks employees and should be allowed to proceed with her claims against them even if it destroys diversity.

### B. Defendant Starbucks' Duty to Defend and Indemnify Does not Defeat Remand

Starbucks contends that plaintiff has no legal basis for the claims asserted against Starbucks



employees because they were acting within the course and scope of their employment with Starbucks. Labor Code section 2802 "requires an employer to defend or indemnify an employee who is sued by third persons for conduct in the course and scope of his employment." *Thornton v. California Unemployment Ins. Appeals Bd.* (2012) 204 Cal.App.4th 1403, 1412. However, Section 2802 is not a doctrine of immunity. Whether Starbucks has a duty to defend and indemnify Defendants Starbucks employees has no bearing on whether they may or may not, under settled California law, be held liable for negligence, and negligent hiring, supervision, retention, and training. Therefore, plaintiff should be allowed to present her claims against Starbucks employees.

Here, the Starbucks Employees are needed for just adjudication of this matter. Additionally, Plaintiff does not bring this motion to amend her complaint in bad faith, as it is not an attempt to delay the litigation process. Rather, Plaintiff seeks to amend her complaint to include all necessary parties in order to meaningfully engage in the discovery process. There has been no undue delay in the filing of both Plaintiff's Motion for Leave to Amend and Plaintiff's Motion for Remand to State Court, which were both filed less than three (3) weeks after Plaintiff learned of the names of the Starbucks Employees through Defendant's Initial Disclosures.

Further, in its Opposition, Defendant contends that the statute of limitations has not yet run, and Plaintiff may thus bring suit against the individual Starbucks employees, making joinder of the Starbucks Defendants unnecessary. However, in the interest of judicial efficiency and economy, it is most logical that all potential Defendants be included in the same lawsuit as all actions at issue arise from the same set of facts.

Lastly, Defendant contends that Plaintiff will not be prejudiced by the denial of her Motion for Leave to Amend because Plaintiff can obtain information and evidence from the Starbucks Employees as witnesses through discovery. However, through the process of litigation, the Starbucks Employees could very well relocate, separate from the company, and the like. Accordingly, Plaintiff would be prejudiced by the denial of her Motion for Leave to Amend and her ability to join these parties, as Defendant may not be in a position to produce the Starbucks Defendants throughout the course of this litigation.

## III. CONCLUSION

As such, Plaintiff respectfully requests that this Court grant her Motion for Leave to Amend Complaint.

Dated: November 16, 2023

**DOLAN LAW FIRM, PC**

By: __/S/ Cristina Garcia___
Christopher B. Dolan, Esq.
Aimee E. Kirby, Esq.
Cristina Garcia, Esq.
Attorneys for Plaintiff



**PROOF OF SERVICE**

*LEMOINE v. STARBUCKS CORPORATION, ET AL.*
UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA
Case No. 23-cv-03504-SK

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2614 Artesia Blvd, Redondo Beach, CA 90278.

On November 16, 2023, I served the foregoing document(s) described as

**PLAINTIFF'S REPLY TO DEFENDANT STARBUCKS CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

on all interested parties in this action as follows:

Paul Caleo (SBN# 153925)
Gordon Rees Scully Mansukhani
1111 Broadway, Suite 1700
Oakland, CA 94607
Direct: 510-463-8530
Tel: 510-463-8600
FAX: 510-984-1721
pcaleo@grsm.com
egenge@grsm.com
khernandez@grsm.com

Attorney for Defendant Starbucks Corporation

☒ **BY CM/ECF NOTICE OF ELECTRONIC SERVICE:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants int eh case who are not registered CM/ECF users will be served by mail or by other means permitted the court rules.

☒ FEDERAL: I declare that I am employed in the office of the member of the bar of this court at whose direction the service was made.

Executed on November 16, 2023, at Los Angeles, California.

Cynthia Alonzo-Conkey

